UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JUAN M. PUCH,
and other similarly-situated individuals,

    Plaintiff (s),

v.

SUNNY ISLES BAKERY LLC,
LUIS PANDOLFI, and
MARTIN E. DELLOCA, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JUAN M. PUCH, by and through the undersigned counsel, and hereby sue Defendants SUNNY ISLES BAKERY LLC, LUIS PANDOLFI, and MARTIN E. DELLOCA, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff JUAN M. PUCH (hereinafter JUAN M. PUCH, or Plaintiff) is a resident of Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant SUNNY ISLES BAKERY LLC (hereinafter SUNNY ISLES BAKERY, or corporate Defendant) is a Florida corporation which has a place of business within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce.

4. The individual Defendants LUIS PANDOLFI, and MARTIN E. DELLOCA were and are now, the owners/officers and managers of Defendant Corporation SUNNY ISLES BAKERY. Defendants LUIS PANDOLFI, and MARTIN E. DELLOCA are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after March 2020 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant SUNNY ISLES BAKERY is a bakery/deli/cafeteria/restaurant located at 17100 Collins Avenue, Sunny Isles Beach, Florida 33160.

8. Defendants SUNNY ISLES BAKERY, LUIS PANDOLFI, and MARTIN E. DELLOCA employed Plaintiff JUAN M. PUCH as a full time, non-exempt hourly restaurant employee, from on or about March 19, 2020, through approximately December 03, 2020, or 37 weeks.

9. Plaintiff had duties as a cook and general restaurant work employee, and he was paid a salary of $500.00 weekly.

10. During his time of employment with Defendants, Plaintiff was misclassified as a manager. However, Plaintiff was a non-exempted cook, baker, and cleaning restaurant employee with additional responsibilities such as open and closing the restaurant.

11. Plaintiff's primary duty was regular baking, cooking, and cleaning. Plaintiff was assigned additional duties as a kitchen manager, he continued his regular line cook duties, and he like doing inventory of kitchen supplies, ordering, receiving, and stoking food items, he was responsible for food preparation, dishwashing, and proper sanitation of the kitchen. Plaintiff also prepared kitchen schedules following instructions of LUIS PANDOLFI and MARTIN E. DELLOCA.

12. Plaintiff worked under closed supervision and received orders from the owners of the business LUIS PANDOLFI, and MARTIN E. DELLOCA. In fact, more than 85% of Plaintiff's duties were non-exempt manual repetitive work, and the remaining 15% consisted of logistic and clerical work. Plaintiff did not have the authority to hire, fire, or affect the employment conditions of other employees. Plaintiff just followed instructions from his superiors.

13. While performing his numerous responsibilities, Plaintiff never exercised discretion and independent judgment with respect to any matter, and he did not qualify to be considered an overtime-exempted employee.

14. During his relevant employment period with Defendants, Plaintiff had a regular schedule.

15. Plaintiff worked consistently and regularly 7 days per week. From Monday to Thursday, Plaintiff worked from 6:30 AM to 9:00 (14.5 hours daily); on Fridays, Saturdays, and Sundays, he worked from 6:30 AM to 10:00 pm (15.5 hours each day). Plaintiff worked a total of 104.5 hours every week. Plaintiff was unable to take any bonafide lunch break.

16. During the time that Plaintiff was misclassified as a manager, he was paid a salary of $500.00 weekly, which was divided by 104.5 working hours, resulting in a wage rate of $4.79 an hour, far less than the federal minimum wage as established by the Fair Labor Standards Act. Other employees, that were not misclassified as managers earned around $11.00 an hour.

17. Plaintiff worked more than 40 hours every week, but he was not paid minimum wages and overtime hours.

18. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule and they perfectly knew about the number of hours that Plaintiff was working every week.

19. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. Plaintiff was paid with cash or Zelle transfers without any record or paystubs showing the number of days and hours worked, the wage rate paid, and employee taxes withheld.

21. Plaintiff was not in agreement with the salary paid, and he complained several times to the owners of the business.

22. On or about December 3, 2020, Plaintiff argued with LUIS PANDOLFI, and he fired him.

23. Defendants LUIS PANDOLFI and MARTIN E. DELLOCA negotiated with Plaintiff and they gave him a severance check, which included 5 weeks of unpaid wages. However, when Plaintiff tried to cash the check, Defendants had placed and stop payment order on the check. Plaintiff was never paid for his last 5 weeks of employment.

24. Plaintiff JUAN M. PUCH seeks to recover unpaid regular hours, overtime wages, liquidated damages, attorney fees, and any other relief as allowable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

25. Plaintiff JUAN M. PUCH re-adopts every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. This action is brought by Plaintiff and those similarly-situated to recover from the Employers SUNNY ISLES BAKERY LLC unpaid half-time overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half-time the regular rate at which he is employed."

27. At all times pertinent to this Complaint, Defendant SUNNY ISLES BAKERY LLC was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant is a retail business performing as a bakery/deli/ restaurant. At all times, the Employer/Defendant operates as an organization that sells and/or markets

its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was proportionally in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

28. The Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce, and through his daily activities he regularly engaged in interstate commerce when he ordered and purchased food items for the restaurant, and when he handled and worked on goods and materials that have been produced for commerce and moved in interstate commerce at any stage of the business. Therefore, there is FLSA individual coverage.

29. Defendants SUNNY ISLES BAKERY, LUIS PANDOLFI, and MARTIN E. DELLOCA employed Plaintiff JUAN M. PUCH as a full time, non-exempt hourly restaurant employee, from on or about March 19, 2020, through approximately December 03, 2020, or 37 weeks.

30. Plaintiff had duties as a cook and general restaurant work employee, and he was paid a salary of $500.00 weekly.

31. During his time of employment with Defendants, Plaintiff was misclassified as a manager. However, Plaintiff did not meet the requirements to be qualified as an exempted employee

32. Plaintiff was a non-exempted cook, baker, and cleaning restaurant employee with additional responsibilities such as open and closing the restaurant.

33. Plaintiff worked under closed supervision and received orders from the owners of the business LUIS PANDOLFI, and MARTIN E. DELLOCA. In fact, more than 85% of Plaintiff's duties were non-exempt manual repetitive work, and the remaining 15% consisted of logistic and clerical work. Plaintiff did not have the authority to hire, fire, or affect the employment conditions of other employees. Plaintiff just followed instructions from his superiors. . Plaintiff had non-managerial duties, and he was entitled to be paid for overtime hours.

34. While performing his numerous responsibilities, Plaintiff never exercised discretion and independent judgment with respect to any matter, and he did not qualify to be considered an overtime-exempted employee.

35. During his relevant employment period with Defendants, Plaintiff had a regular schedule, and he worked consistently and regularly 7 days per week a total of 104.5 hours every week.  Plaintiff was unable to take any bonafide lunch break.

36. During the time that Plaintiff was misclassified as a manager, he was paid a salary of $500.00 weekly, which was divided by 101.5 working hours, resulting in a wage rate of $4.79 an hour, far less than the federal minimum wage as established by the Fair Labor Standards Act.

37. Plaintiff worked more than 40 hours every week, but he was not paid for overtime hours.

38. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule and they perfectly knew about the number of hours that Plaintiff was working every week.

39. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty

(40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

40. Plaintiff was paid with cash or by Zelle transfers without any record or paystubs showing the number of days and hours worked, the wage rate paid, and employee taxes withheld.

41. The records, if any, concerning the number of hours worked by Plaintiff JUAN M. PUCH, and all other similarly-situated employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. Defendants never posted any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

43. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
* Plaintiff regular wage-rate was $4.79 an hour. Florida's minimum wage in 2020 is $8.56, which is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

<u>Total amount of alleged unpaid overtime wages:</u>

Fifteen Thousand Three Hundred Twenty-One Dollar and 33/100 ($15,321.33)

   a. <u>Calculation of such wages</u>:

      Total time of employment: 37 weeks
      Total relevant period of employment: 37 weeks
      Total Hours worked: 104.5 hours weekly

>    Total overtime hours: 64.5 hours weekly
>    Salary paid: $500.00 weekly: 104.5 hours= $4.79
>    Basic regular rate: $4.79
>    Florida Minimum Wage 2020: $8.56 x 1.5=$12.84:2=$6.42 Half-time
>
>    Half-time $6.42 x 64.5 O/T hours=$414.09 weekly x 37 weeks=$15,321.33
>
>    <u>Nature of wages (e.g. overtime or straight time):</u>
>
>    This amount represents the unpaid half-time overtime.

44. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act but no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

45. At the times mentioned, individual Defendants LUIS PANDOLFI, and MARTIN E. DELLOCA were the owners/partners/and managers of DECO SECURITY. Defendants LUIS PANDOLFI, and MARTIN E. DELLOCA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of SUNNY ISLES BAKERY concerning its employees, including Plaintiff and others similarly situated. Defendants LUIS PANDOLFI, and MARTIN E. DELLOCA had financial and operational control of the corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

46. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly-situated are entitled to recover double damages.

47. Defendants SUNNY ISLES BAKERY, LUIS PANDOLFI, and MARTIN E. DELLOCA willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

48. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JUAN M. PUCH and those similarly-situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JUAN M. PUCH and other similarly-situated and against the Defendants SUNNY ISLES BAKERY, LUIS PANDOLFI, and MARTIN E. DELLOCA on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JUAN M. PUCH and those similarly-situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

49. Plaintiff JUAN M. PUCH re-adopts every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

50. This action is brought by Plaintiff JUAN M. PUCH and those similarly-situated to recover from the Employers SUNNY ISLES BAKERY, LUIS PANDOLFI, and MARTIN E. DELLOCA unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

51. At all times pertinent to this Complaint, Defendant SUNNY ISLES BAKERY LLC was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant is a retail business performing as a bakery/deli/ restaurant. At all times, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was proportionally in excess of $500,000 per annum. Defendant's business activities involve

those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

52. The Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce, and through his daily activities he regularly engaged in interstate commerce when he ordered and purchased food items for the restaurant, and when he handled and worked on goods and materials that have been produced for commerce and moved in interstate commerce at any stage of the business. Therefore, there is FLSA individual coverage.

53. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

54. Defendants SUNNY ISLES BAKERY, LUIS PANDOLFI, and MARTIN E. DELLOCA employed Plaintiff JUAN M. PUCH as a full time, non-exempt hourly restaurant employee, from on or about March 19, 2020, through approximately December 03, 2020, or 37 weeks.

55. Plaintiff had duties as a cook and general restaurant work employee, and he was paid a salary of $500.00 weekly.

56. During his time of employment with Defendants, Plaintiff was misclassified as a manager. However, Plaintiff was a non-exempted cook, baker, and cleaning restaurant employee with additional responsibilities such as open and closing the restaurant.

57. During his relevant employment period with Defendants, Plaintiff had a regular schedule. Plaintiff worked consistently and regularly 7 days per week a total of 104.5 hours. Plaintiff was unable to take any bonafide lunch break.

58. During his time of employment, Plaintiff was paid a salary of $500.00 weekly, which was divided by 104.5 working hours, resulting in a wage rate of $4.79 an hour, far less than the federal minimum wage established by the Fair Labor Standards Act.

59. Plaintiff worked 40 hours or more per week, but he did not receive his regular and complete payment for every hour worked, there is a substantial number of working hours that never were paid to Plaintiff at any rate, not even the minimum wage rate, as required by the FLSA.

60. Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals. The Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

61. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

62. Plaintiff was paid with cash or via Zelle transfers without any record or paystubs showing the number of days and hours worked, the wage rate paid, and employee taxes withheld, etc.

63. On or about December 3, 2020, Plaintiff argued with the owner of the business LUIS PANDOLFI, and he fired Plaintiff without paying him 5 weeks of working hours.

64. The records, if any, concerning the number of hours worked by Plaintiff JUAN M. PUCH, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

65. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

66. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

67. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Plaintiff regular wage-rate was $4.79 an hour. Florida's minimum wage in 2020 is $8.56, which is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

Total amount of alleged unpaid overtime wages:

Seventeen Thousand Seventy-Nine Dollars and 64/100 ($17,079.64)

    a. Calculation of such wages:

        Total time of employment: 37 weeks
        Total relevant period of employment: 37 weeks
        Total unpaid weeks: 5 weeks
        Total Hours worked: 104.5 hours weekly
        Salary paid: $500.00 weekly: 104.5 hours= $4.79
        Basic regular rate: $4.79
        Florida Minimum Wage 2020: $8.56 an hour-$4.79 rate paid=$3.77 difference

        1.- Minimum Wages for 32 weeks/104.5 hours weekly paid at $4.79 an hour

        Minimum wage difference $3.77 x 104.5 hours=$393.97 weekly

$393.97 weekly x 32 weeks=$12,607.04

<u>2.- Minimum Wages for 5 weeks/104.5 hours weekly paid at $0.00 an hour</u>

Florida minimum wage 2020: $8.56 x 104.5 hours=$894.52 weekly
$894.52 weekly x 5 weeks=$4,472.60

Total #1 and #2=$17,079.64

<u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid minimum wages at Florida's min. wage rate.

68. Defendants knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

69. At the times mentioned, individual Defendants LUIS PANDOLFI, and MARTIN E. DELLOCA were the owners/partners/and managers of DECO SECURITY. Defendants LUIS PANDOLFI, and MARTIN E. DELLOCA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of SUNNY ISLES BAKERY concerning its employees, including Plaintiff and others similarly situated. Defendants LUIS PANDOLFI, and MARTIN E. DELLOCA had financial and operational control of the corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

70. Defendants SUNNY ISLES BAKERY, LUIS PANDOLFI, and MARTIN E. DELLOCA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law

of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

71. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JUAN M. PUCH and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JUAN M. PUCH and against the Defendants SUNNY ISLES BAKERY, LUIS PANDOLFI, and MARTIN E. DELLOCA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JUAN M. PUCH and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED: December 28, 2020,

                 Respectfully submitted,

                 By: **/s/ Zandro E. Palma**
                 ZANDRO E. PALMA, P.A.

        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*